**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Avi Galapo*
1350 Broadway, 11th Floor
New York, New York 10018
Tel: (212) 216-8000
Fax: (212) 216-8001
Scott S. Markowitz, Esq.
Ira R. Abel, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re:

ADIR M. CORP.,

                                Debtor.

Chapter 11

Case No. 09-15062 (MG)

---------------------------------------------------------------x

**OBJECTION OF AVI GALAPO TO STIPULATION AND ORDER
GRANTING THE DEBTOR AUTHORITY TO USE SOVEREIGN BANK'S
CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

      Avi Galapo ("Galapo"), by his counsel, Tarter Krinsky & Drogin LLP, respectfully states as follows:

**SUMMARY OF OBJECTION**

      1.     By notice, dated November 24, 2010, the above-captioned debtor and debtor-in-possession (the "Debtor") seeks authority to use cash collateral in which Sovereign Bank ("Sovereign") holds a security interest and to provide certain adequate protection to Sovereign pursuant to the terms of a proposed stipulated order (the "Order"). By this objection (the "Objection"), Galapo objects to the Order.

1

2. Galapo holds a security interest in the lease (as defined below, the "Lease") from which the Debtor operates its business. Galapo's security interest in the Lease predates the attachment of Sovereign's security interest to the Debtor's assets, and accordingly, the adequate protection to be provided to Sovereign under the Order will adversely impair Galapo's collateral.

## BACKGROUND

3. On August 19, 2010 (the "Petition Date"), the Debtor filed a petition under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue in the operation of its business and management of its assets as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4. The Debtor owns and operates a restaurant named Miro Café (the "Restaurant"), located at 595 Broadway, New York, New York, 10012. The Restaurant is located on the corner of Houston Street and Broadway, a prime location in SoHo.

## FACTS RELEVANT TO THE OBJECTION

5. By lease, dated as of January 29, 1993 (the "Lease"), between 594 Associates, as owner, and Marcel Doron, as tenant, the Debtor leased premises on the ground floor and basement of 594 Broadway, New York, NY. The Lease has substantial value and is below market.

6. Pursuant to a stipulation of settlement, dated March 29, 2006, as modified in or about February 2008 (the "Stipulation"), Galapo and Meir Maslavi, individually and as an officer of the Debtor, resolved certain litigation against the Debtor, among others, then pending in the Supreme Court of the State of New York, New York County, under Index No. 601741/05.

7. Among other things, the Stipulation required the Debtor to pay the total sum of $900,000 to Galapo and to assign the Lease to Galapo. The Lease was assigned to Galapo in or

2

{Client\003332\BANK234\00314800.DOC;1}

about April, 2006. The Lease is held in escrow as collateral for the amounts due to Galapo and remains in escrow as of the date hereof.

8. As evidenced by two (2) notes, each dated January 14, 2008, the Debtor borrowed a total of $100,000 from Sovereign. Sovereign's loan to the Debtor was made approximately twenty-one (21) months after the Lease was assigned to Galapo as collateral and placed in escrow.

9. Sovereign's loan was collateralized by all of the Debtor's assets[1] pursuant to two security agreements, each dated January 14, 2008. However, from the collateral description set forth in the security agreements, it is not clear that Sovereign holds any security interest in the Lease or the proceeds arising from the Lease.

10. Pursuant to the Order, the Debtor has proposed to make regular payments to Sovereign in the amount of $3,000.

**OBJECTION TO CASH COLLATERAL PAYMENTS**
**AND ADEQUATE PROTECTION TO BE PROVIDED TO SOVEREIGN**

11. The Debtor has not filed operating statements for August and September 2010. As a result, it is impossible to determine whether the Debtor can afford to make the proposed payments to Sovereign. The Debtor is barely breaking even, based upon the filed monthly operating statements.[2]

12. Under the proposed Order, Sovereign's pre-petition security interests are deemed valid, perfected, enforceable and effective, without the need for further filings. Order at ¶ 5. Galapo objects to such provision as it will impair his security interest in the Lease.

---

[1] The Debtor appears to dispute the extent of Sovereign's collateral, as it has asserted that Sovereign holds a security interest only in the Debtor's furniture and fixtures. See Schedule D of the Debtor's Schedules of Assets and Liabilities (ECF Docket No. 8).
[2] The Debtor appears to have made a profit in July 2010 based upon an unusually high amount of cash sales.

13. Under the proposed Order, all interested parties are prohibited from challenging Sovereign's position. Order at ¶ 6. Galapo objects to such a prohibition, as Sovereign's secured position in the Lease, if it exists at all, is junior to Galapo. To assert his senior security interest in the Lease, Galapo will be required to challenge Sovereign's position. See Bankruptcy Rule 7001(2). Galapo reserves all rights to challenge Sovereign's security interest in the Lease.

14. Under the proposed Order, the protections afforded to Sovereign will be binding upon any of the Debtor's creditors. Order at ¶ 8. Those protections are intended to survive appointment of a chapter 7 or chapter 11 trustee, confirmation of a plan, or dismissal of the Debtor's chapter 11 case. Galapo objects to such protections as they will impair his security interest in the Lease.

15. This Objection shall not be deemed to constitute a waiver of any of Galapo's rights and is without prejudice to any rights, remedies, claims and causes of action that Galapo may have against the Debtor, Sovereign, or any third parties.

**WHEREFORE**, Galapo respectfully requests that the Order be denied, or that it be modified so as to provide adequate protection of Galapo's security interest in the Lease.

Dated: New York, New York
December 2, 2010

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Avi Galapo*

By: /s/ Scott S. Markowitz
Scott S. Markowitz
Ira R. Abel
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000