RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Joseph L. Schwartz, Esq. (N.J. Bar No. JS-5525)
Kevin J. Larner, Esq. (KL-8627)
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800

-and-

500 Fifth Avenue, Suite 4920
New York, New York 10110
 (212) 302-6574

Attorneys for Sovereign Bank

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| ADIR M. CORP., | Case No. 09-15062 (MG) |
| Debtor. | |

**LIMITED OBJECTION OF SOVEREIGN BANK TO APPLICATION OF
MEISTER SEELIG & FEIN LLP FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Sovereign Bank ("Sovereign"), by and through its undersigned counsel, hereby submits the within Limited Objection (the "Limited Objection") to the Application of Meister Seelig & Fein LLP ("MSF") for Allowance of Compensation and Reimbursement of Expenses (the "Application") as counsel to the Debtor, Adir M. Corp. (the "Debtor"). In support of the Limited Objection, Sovereign respectfully submits as follows:

**LIMITED OBJECTION**

1. Sovereign is the Debtor's largest secured creditor, owed in excess of $100,000 on account of two (2) separate loans from Sovereign to the Debtor. Sovereign's loans to the Debtor are secured by properly perfected liens in and on virtually all of the Debtor's assets, including, the proceeds generated therefrom. As a result, every dollar that the Debtor has generated in

revenue since the filing of its bankruptcy petition nearly eighteen (18) months ago is Sovereign's cash collateral.[1]

2. Through the Application, MSF seeks allowance of $95,004.10 in fees and $3,651.48 in expenses for services rendered to the Debtor. Through this Limited Objection, Sovereign does not take any position regarding the propriety or impropriety of the fees and expenses MSF seeks to have approved through the Application.

3. Instead, Sovereign submits this Limited Objection to oppose the payment by the Debtor to MSF from Sovereign's cash collateral of any fees and expenses that are approved by the Court. Sovereign submits that because every dollar that would be paid by the Debtor to MSF on account of such allowed fees and expenses would come from Sovereign's cash collateral, and because of the extreme uncertainty surrounding the future and final disposition of this case, this Limited Objection is warranted and necessary.

4. As a result, to the extent the Court approves any of the fees and expenses requested by MSF in the Application, Sovereign requests that the Court's Order specifically provide that no fees and expenses can be paid from Sovereign's cash collateral, and further condition payment of those approved fees and expenses upon entry of a further Order of this Court.

---

[1] The Details of Sovereign's loans to the Debtor, including copies of the relevant loan documents, are set forth in the Reply of Sovereign Bank in Further Support of Entry of Stipulation and Order Granting the Debtor Authority to Use Sovereign' Bank's Cash Collateral and Providing Adequate Protection [Docket No. 90].

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Sovereign respectfully request that the Court deny the Application as set forth herein and provide Sovereign with such other and further relief as the Court deems just and equitable.

Dated: January 18, 2011  
Morristown, NJ

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP

By: /s/         Kevin J. Larner
    Joseph L. Schwartz, Esq.
    Kevin J. Larner, Esq.

Attorneys for Sovereign Bank

4105107.1