UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| ADIR M. CORP., | Case No. 09-15062 (MG) |
| Debtor. | |

## SECOND STIPULATED ORDER GRANTING THE DEBTOR AUTHORITY TO USE SOVEREIGN BANK'S CASH COLLATERAL

**WHEREAS**, on August 19, 2009 (the "Petition Date"), Adir M. Corp. (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"); and

**WHEREAS**, prior to the Petition Date, on or about January 14, 2008, Sovereign Bank ("Sovereign") loaned the Debtor the sum of $41,000, which loan was evidenced by a promissory note executed by the Debtor in favor of Sovereign in the original principal sum of $41,000 (the "$41K Note"); and

**WHEREAS**, to memorialize the loan arrangement, and as security for repayment of the $41K Note, the Debtor and Sovereign entered into a certain Business Loan Agreement and a certain Security Agreement (the "First Security Agreement"), whereby the Debtor granted Sovereign First Priority security interest in all the Debtor's assets, including the proceeds thereof; and

**WHEREAS**, on or about January 24, 2008, Sovereign properly perfected its security interest in the Debtor's assets by filing a UCC-1 financing statement with the appropriate authorities; and

**WHEREAS**, on or about January 14, 2008, Sovereign loaned the Debtor the additional sum of $59,000, which loan was evidenced by a promissory note executed by the Debtor in favor of Sovereign in the original principal sum of $59,000 (the "$59K Note"); and

**WHEREAS**, to memorialize this loan arrangement, and as security for repayment of the $59K Note, the Debtor and Sovereign entered into a certain Business Loan Agreement and a certain Security Agreement (the "Second Security Agreement," and collectively with the First Security Agreement, the "Security Agreements"), whereby the Debtor granted Sovereign a further security interest in all the Debtor's assets, including the proceeds thereof; and

**WHEREAS**, on or about January 24, 2008, Sovereign properly perfected its security interest in the Debtor's assets by filing a UCC-1 financing statement with the appropriate authorities; and

**WHEREAS**, on January 31, 2011, the Bankruptcy Court entered a Stipulated Order Granting the Debtor Authority to Use Sovereign Bank's Cash Collateral (the "Cash Collateral Stipulation") for the period from October 1, 2010 through April 30, 2011 (the "Initial Period"); and

**WHEREAS**, pursuant to the Cash Collateral Stipulation, the Debtor was required to pay Sovereign $3,000 per month as adequate protection for the Debtor's use of Sovereign's cash collateral during the Initial Period; and

**WHEREAS**, the Debtor defaulted under the terms of the Cash Collateral Stipulation by, *inter alia*, failing to make adequate protection payments to Sovereign as required by the Cash Collateral Stipulation for the months of March 2011 and April 2011; and

**WHEREAS**, pursuant to the Cash Collateral Stipulation, and as a result of the Debtor's default under the Cash Collateral Stipulation, Sovereign was granted relief from the automatic

stay pursuant to 11 U.S.C. 362(d) to take any actions necessary to protect its interests in its collateral under the Security Agreements; and

**WHEREAS**, on or about April 7, 2011, Sovereign commenced an action in the Supreme Court of the State of New York, County of New York (the "State Court"), styled *Sovereign Bank v. Adir M. Corp*, Index No. 650929/2011 (the "State Court Action") seeking to, *inter alia*, foreclose upon its collateral as a result of the Debtor's defaults; and

**WHEREAS**, notwithstanding the foregoing defaults by the Debtor, Sovereign has consented to the Debtor's use of Sovereign's cash collateral (the "Cash Collateral") on an interim basis, as set forth herein, in exchange for the Debtor's agreement to provide Sovereign with the adequate protection payments and other consideration, as set forth herein.

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Debtor is hereby authorized to utilize, in the ordinary course of its business and for no other purpose, the Cash Collateral, from May 1, 2011 through and including the date that Debtor confirms a chapter 11 plan (the "Plan"), provided however, that the Plan is confirmed on or before August 31, 2011 (the "Interim Period"). To the extent the Plan is not confirmed on or before August 31, 2011, the Debtor's use of Sovereign's Cash Collateral shall no longer be permitted absent entry of a further order of the Court.

2. As adequate protection to Sovereign for the Debtor's use of the Cash Collateral, the Debtor shall pay Sovereign the sum of $3,000 per month, beginning with the month of June 2011 and continuing during each month of the Interim Period (the "Adequate Protection Payments"). The first adequate protection payments shall be due to Sovereign on June 1, 2011, or within five (5) days of the entry of this Stipulated Order by the Court, whichever is later, and each subsequent adequate protection payment shall be due to Sovereign on or before the first day

of each subsequent month during the Interim Period. The Debtor's failure to timely make any adequate protection payment in accordance with the preceding sentence shall constitute an immediate default under the terms of this Stipulated Order. The foregoing distributions of the Adequate Protection Payments to Sovereign are expressly agreed upon by all the parties and shall not be subject to any further redistribution, avoidance, recovery, or any offset, recoupment or crediting against future distributions.

3. The Debtor further warrants and agrees as follows:

    a. On or before May 31, 2011, the Debtor shall file a Plan with the Bankruptcy Court;

    b. The Plan filed by the Debtor shall provide for the allowance of Sovereign's claim in the full amount asserted by Sovereign in its proof of claim, plus: (i) $9,000, which represents the unpaid adequate protection payments due to Sovereign for the months of March, April and May 2011 and (ii) all attorneys' fees and costs incurred by Sovereign with respect to this bankruptcy case (the "<u>Sovereign Claim</u>"); and

    c. The Plan shall provide that the Sovereign Claim will be paid by the Debtor over a term of three (3) years, with eight percent (8%) annual interest, in equal monthly installments.

4. As further protection for Sovereign's interests, the Debtor shall execute and return to Sovereign a Confession of Judgment with respect to the State Court Action (the "<u>Confession of Judgment</u>"). Sovereign's counsel will hold the Confession of Judgment and shall not submit the Confession of Judgment to the State Court so long as the Debtor is not in default under the terms of this Stipulated Order. Upon the occurrence of an Event of Default by the Debtor under the terms of this Stipulated Order, Sovereign's counsel shall be immediately authorized to take all steps necessary to obtain a judgment against the Debtor in the State Court Action, and the Debtor hereby agrees to waive all rights to contest any such action by Sovereign. Upon entry of this Stipulated Order by the Bankruptcy Court and receipt by Sovereign of the Confession of Judgment, Sovereign shall dismiss the State Court Action.

4

5. It shall be considered an Event of Default under the terms of this Stipulated Order if:

   a. The Debtor uses Sovereign's Cash Collateral for any purpose other than in the ordinary course of its business operations;

   b. The Debtor fails to make any of the Adequate Protection Payments in the full amounts set forth in Paragraph 2 of this Stipulated Order on or before the dates set forth in Paragraph 2 of this Stipulated Order;

   c. The Debtor fails to comply with any of the provisions of Paragraph 3 of this Stipulated Order;

   d. The Debtor's bankruptcy case is dismissed, converted to a case under chapter 7 of the Bankruptcy Code or a trustee or examiner is appointed in the Debtor's bankruptcy case; or

   e. The Debtor fails to confirm its Plan on or before August 31, 2011.

6. Upon the occurrence of an Event of Default under this Stipulated Order, (i) the Debtor shall immediately be prohibited from using any of Sovereign's Cash Collateral and (ii) Sovereign shall immediately be permitted to take all steps necessary to pursue any and all remedies against the Debtor as it deems appropriate without further order of the Court, including, but not limited to, its remedies with respect to the Confession of Judgment, set forth in Paragraph 4 hereof.

7. The Debtor hereby acknowledges and stipulates that Sovereign's pre-petition security interests and liens in the Debtor's assets (the "Sovereign Liens") are valid, perfected, enforceable and effective, without any action by the Debtor or Sovereign, and without execution, perfection or filing, under non-bankruptcy law of any financing statements, security agreements or other documents, with such perfection being binding upon any subsequently-appointed Chapter 7 or Chapter 11 Trustee, and upon any creditors who have or may hereinafter extend secured or unsecured credit to the Debtor.

8. The Debtor further acknowledges and stipulates that the Sovereign Liens are not subject to any challenge or defense, including, without limitation, avoidance, reductions, recharacterizations, subordination (whether equitable, contractual or otherwise), claims, counterclaims, cross-claims, offsets, defenses or any other challenges under the Bankruptcy Code or any applicable law or regulation by any person or entity; provided however, that this paragraph shall not prohibit Avi Gallapo from challenging Sovereign's Liens.

9. The Debtor hereby acknowledges that it holds no set off, counterclaim nor any other claim against Sovereign, any proofs of claim previously or hereinafter filed by Sovereign or the Sovereign Liens.

10. The provisions of this Stipulated Order shall be binding upon Sovereign, the Debtor, any creditors of the Debtor, any other party in interest and their respective successors and assigns, including, without limitation, any subsequently-appointed Chapter 7 or 11 Trustee, and the provisions of this Stipulated Order and the validity of any actions taken pursuant thereto shall survive entry of an order which may be entered confirming any plan of reorganization respecting the Debtor, appointing a trustee or examiner for the Debtor, converting this case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code, or dismissing the Debtor's bankruptcy case, and the terms and provisions of this Stipulated Order shall continue in this or any superseding case under the Bankruptcy Code.

11. Sovereign's consent to this Stipulated Order shall not be deemed to constitute a waiver by Sovereign, and is without prejudice to any and all rights, remedies, claims and causes of action that Sovereign may have against the Debtor or third parties, and without prejudice to Sovereign's rights to pursue any type of relief in this case and the rights of the Debtor to oppose

any such rights, remedies, claims, causes of action, and relief, which may be asserted by these entities.

12. In the event Sovereign assigns its rights against the Debtor to a third party, such third party shall have all of the rights, benefits and remedies accorded by this Stipulated Order.

Dated: May 26, 2011

**/s/Martin Glenn**<br>MARTIN GLENN, U.S.B.J.

We hereby agree to the form and
entry of this Stipulated Order:

RIKER, DANZIG, SCHERER, HYLAND
 & PERRETTI LLP
Attorneys for Sovereign Bank


By: /s/ Kevin J. Larner            Dated: 5/19/2011
      Kevin J. Larner


ADIR M. CORP.


By: /s/ Meir Moslavi               Dated: 5/17/2011
      Meir Moslavi