THE MORRISON LAW OFFICES, PC
*Attorneys for the Debtor and*
*Debtor-in-Possession*
140 East 45th Street, 18th Floor
New York, New York 10017
(212) 665-3582
Lawrence F. Morrison, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

In re:

ADIR M. CORP.,

                 Debtor.

------------------------------------------------------------------ X

AVI GALAPO,

                 Plaintiff,

       -against-

ADIR M. CORP.,

                 Defendant.

------------------------------------------------------------------ X

: Chapter 11
:
: Case No. 09-15062 (MG)
:
:
:
: Adv. Pro. No. 10-03369 (MG)
:
:
:
:
:
:
:

## STIPULATION OF SETTLEMENT

RECITALS:

WHEREAS, on August 19, 2009 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

WHEREAS, the Debtor owns and operates a restaurant named Miro Café, located at 595 Broadway, New York, New York, 10012 (the "Premises"); and

WHEREAS, prior to the Petition Date, Avi Galapo ("Galapo" and together with the Debtor, the "Parties") commenced an action in the Supreme Court of the State of New York, County of New York, against the Debtor to recover outstanding amounts due to Galapo (the "State Court Action"); and

WHEREAS, on or about March 29, 2006, Galapo and the Debtor entered into a settlement agreement (the "March 2006 Settlement Agreement"), in settlement of the State Court Action; and

WHEREAS, in February 2008, the Debtor and Galapo entered into a modification of the March 2006 Settlement Agreement (the "Modification" and together with the March 2006 Settlement Agreement, the "Pre-petition Settlement Agreement"); and

WHEREAS, pursuant to the Pre-petition Settlement Agreement, the Debtor agreed to make certain monthly payments to Galapo, in the aggregate amount of $900,000.00; and

WHEREAS, the Pre-petition Settlement Agreement also provided for an assignment (the "Assignment") of the Debtor's lease (the "Lease") with respect to Premises as collateral for the amounts due to Galapo; and

WHEREAS, pursuant to the Pre-petition Settlement Agreement, the Lease was assigned to Galapo and was delivered to an agent to be held in escrow; and

WHEREAS, pursuant to the Pre-petition Settlement Agreement, the Lease was to be released from escrow to Galapo upon an uncured default in any payments; and.

WHEREAS, pursuant to the Pre-petition Settlement Agreement, the Debtor was to cooperate with Galapo regarding the filing of appropriate documentation to record Galapo's interest in the Lease; and

WHEREAS, the Assignment of the Lease was not recorded; and

WHEREAS, on February 24, 2010, Galapo timely filed a secured claim (the "Secured Claim") against the Debtor (Proof of Claim Number 13) in the amount of $280,216.77 on account of outstanding amounts owing under the Pre-petition Settlement Agreement; and

WHEREAS, on July 20, 2010, Galapo commenced an adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court (Adv. Pro. No. 10-03369) against the Debtor seeking declaratory relief relative to Galapo's rights in connection with the Lease; and

WHEREAS, the Parties have together made a good faith attempt to resolve the Adversary Proceeding and the Secured Claim and to agree to a reasonable settlement of same without the need for further litigation and its attendant costs and expenses.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the respective Parties as follows:

1. This Stipulation is expressly subject to and contingent upon the entry of an order by the Bankruptcy Court approving this Stipulation (the "Order"). This Stipulation shall become effective on the date the Order is entered (the "Effective Date").

2. In addition to the $3,000 paid by the Debtor on or about September 1, 2011, currently held in escrow with Galapo's counsel, the Debtor shall pay to Galapo $4,000 per month (payment to be made on the first of every month) beginning October 1, 2011 and ending December 1, 2012.

3. The Debtor shall pay to Galapo $3,000 per month (payment to be made on the first of every month) beginning January 1, 2012 and ending February 1, 2015.

4. The payments set forth in paragraphs 2 and 3 herein (collectively, the "Payments") shall be secured by a contingent assignment (the "Contingent Assignment") of the Lease to be held in escrow (the "Escrow") subject to the provisions of this Stipulation.

5. The Debtor shall cooperate with Galapo to take all necessary action to effectuate the Contingent Assignment.

6. The terms of the settlement contemplated in this Stipulation shall be incorporated into the Debtor's plan of reorganization (the "Plan") and the Debtor shall take all reasonable steps necessary to confirm the Plan.

7. Upon the Debtor's default in any of the Payments and the Debtor's failure to cure said default within ten (10) days after delivery of a notice of default (said notice to be sent to the Debtor by Federal Express), the Escrow shall terminate and the Lease shall be assigned and released to Galapo. Thereafter, Galapo may immediately take control of the Premises without further order of the Bankruptcy Court or any other court with competent jurisdiction.

8. Upon receipt of the full amount of the Payments, Galapo hereby releases and forever discharges the Debtor from any and all claims and/or liabilities relating to the subject matter of the Secured Claim and/or Adversary Proceeding and the Secured Claim shall be deemed paid in full.

9. Upon execution of this Stipulation, the Debtor hereby releases and forever discharges Galapo from any and all claims and/or liabilities that the Debtor asserted or may have asserted against Galapo prior to the execution of this Stipulation.

10. The Parties represent and warrant to each other that: (a) the signatories to this Stipulation are authorized to execute this Stipulation; (b) each party has full power and authority to enter into this Stipulation; and (c) this Stipulation and is duly executed and delivered and constitutes a valid binding agreement in accordance with its terms.

11. This Stipulation constitutes the entire agreement among the parties with respect to the subject matter herein and supersedes all prior agreements and understandings, written and oral,

between the parties with respect to the subject matter hereof.

12.   This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, facsimiles or portable document format signed by the parties hereto to be charged.

13.   The provisions of this Stipulation shall be binding upon the parties' respective successors and assigns.

14.   The Bankruptcy Court shall retain jurisdiction over the subject matter of this Stipulation, including the interpretation thereof, to resolve all disputes relating thereto.

Dated: New York, New York
      September 9, 2011

                                        ADIR M. CORP
                                        *Debtor and Debtor-in-Possession*

                                        By: _____
                                        Name:
                                        Title:

Dated: New York, New York
      September 7, 2011

                                        AVI GALAPO
                                        _____